```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO. 14-24126-Civ-MORENO
                         MAGISTRATE JUDGE P.A. WHITE
WILLIAM ALEXANDER TOWNSEND,:

     Petitioner,           :

v.                         :         REPORT OF
                                   MAGISTRATE JUDGE
MICHAEL D. CREWS,          :

     Respondent.           :
_____/
```

## Introduction

William Alexander Townsend, a state prisoner currently confined at Union Correctional Institution, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, challenging the constitutionality of his conviction and sentence, entered following a jury trial in Miami-Dade County Circuit Court, case number F97-007241.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

No order to show cause has been issued because, on the face of the petition, it is evident petitioner is entitled to no relief. See Rule 4, Rules Governing Section 2254 Proceedings ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

The undersigned has reviewed the habeas petition (DE#1), the

on-line dockets for the Miami-Dade County Circuit Court, the Third District Court of Appeal, and the Florida Supreme Court.[1]

## Procedural History

Petitioner was charged with and convicted of first degree premeditated murder. (DE#1;Miami-Dade County Docket). He was adjudicated guilty and sentenced to life in prison. (Id.). His judgment and sentence were entered on November 17, 1999. (Id.).

Petitioner appealed his conviction and sentence to the Third District Court of Appeal, case no. 3D99-3125. Following briefing by both parties, the District Court, on June 27, 2001, per curiam and without a written opinion, affirmed petitioner's conviction and sentence.(Third District Court Docket); see also Townsend v. State, 790 So.2d 426 (Fla. 3d DCA 2001)(Table).

In the instant case, petitioner's conviction and sentence became final on **September 25, 2001**, which is the ninety days within which petitioner could have sought certiorari review in the United States Supreme Court following the Third District's affirmance on direct appeal. See Gonzalez, 132 S.Ct. at 653-54; see also Stallworth v. Moore, 827 So. 2d 974 (Fla. 2002)(no jurisdiction to review *per curiam* denials of relief issued without opinion or explanation on petitions for extraordinary relief or post-conviction relief). Accordingly, petitioner could have sought review in the United States Supreme Court without first petitioning the Florida Supreme Court for review and his conviction and sentence therefore became final when the ninety-day limit for

---

[1]The court takes judicial notice of those records which can be found on-line at http://www.miami-dadeclerk.com/, www.3dca.flcourts.org, and http://www.floridasupremecourt.org/, respectively. See Fed.R.Evid. 201.

2

seeking such review expired.

Petitioner therefore had until **September 25, 2002**, to file a timely federal petition unless he availed himself of state post-conviction motions which would toll the time period. See 28 U.S.C. §2244(d)(2)(tolling the limitation period for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending"); Wall v. Kholi, ___ U.S. ___, 131 S.Ct. 1278 (2011).[2] The AEDPA clock resumes running when the state's highest court issues its mandate disposing of the motion for post-conviction relief. Lawrence v. Florida, 549 U.S. 327, 331-32, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007).

The federal limitations ran unchecked for **632 days**, from the time his conviction became final on September 25, 2001, until June 19, 2003, when he returned to the trial court filing a motion for post-conviction relief pursuant to Fla. R. Crim. P. 3.850. (See Miami-Dade County Docket). The motion was denied and petitioner appealed. Townsend v. State, 856 So.2d 1007 (Fla. 3d DCA 2003)(Table). On October 8, 2003, the district court, per curiam and without written opinion, affirmed the denial of his Rule 3.850 motion. Id. The mandate issued on October 24, 2003.

After conclusion of numerous state court proceedings not relevant to the federal limitations here, the petitioner next came to this Court, filing this federal habeas petition on October 30, 2014. (DE#1).

---

[2]A properly-filed application is defined as one whose "delivery and acceptance are in compliance with the applicable laws and rules governing filings," which generally govern such matters as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4 (2000)(overruling Weekley v. Moore, 204 F.3d 1083 (11th Cir. 2000)).

Discussion

Review of the petition and the on-line dockets reveals that this petition should be dismissed as time-barred for the reasons indicated immediately below. Since petitioner filed his federal habeas petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this proceeding. See Wilcox v. Fla.Dep't of Corr., 158 F.3d 1209, 1210 (11th Cir. 1998)(*per curiam*). The AEDPA imposed for the first time a one-year statute of limitations on petitions for writ of habeas corpus filed by state prisoners.[3] See 28 U.S.C. §2244(d)(1)("A 1-year period of limitation shall apply to an application for a writ of habeas corpus . . . .").

As will be recalled, petitioner's judgment became final at the latest on **September 25, 2001**. Thus, the petitioner had one year from the time his conviction became final, or no later than **September 25, 2002,** within which to timely file this federal habeas petition. This federal petition for writ of habeas corpus challenging the instant conviction was not filed until **October 30,**

---

[3]The statute provides that the limitations period shall run from the latest of —

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

**2014,** well beyond one-year after the date on which the judgment became final. The petition is, therefore, time-barred, pursuant to 28 U.S.C. §2244(d)(1)(A), unless the appropriate limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. 28 U.S.C. §2244(d)(2).

As indicated above, petitioner pursued collateral relief in the state trial court. However, he did not institute post-conviction proceedings until June 19, 2003, after the applicable limitation period had already expired on September 25, 2002. Consequently, he is not entitled to tolling credit for the time his post-conviction proceedings remained pending. Once the limitation period expires, it cannot be reinitiated. See 28 U.S.C. §2244(d)(2). It is now well-settled that a state petition filed after expiration of the federal limitations period cannot toll the period, because there is no period remaining to be tolled. See also Tinker v. Moore, 255 F.3d 1331, 1332 (11th Cir. 2001)(holding that a state petition filed after expiration of the federal limitations period cannot toll the period, because there is no period remaining to be tolled); Webster v. Moore, 199 F.3d 1256, 1258-60 (11th Cir.)(holding that even properly filed state court petitions must be pending in order to toll the limitations period), cert. denied, 531 U.S. 991 (2000).See also Hollinger v. Sec'y, Dep't of Corr', 334 Fed.Appx. 302, 304-305, 2009 WL 1833746, *2 (11th Cir. 2009), *citing*, Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)(concluding that Rule 3.850 motion, "filed after expiration of the limitations period[,] does not relate back so as to toll idle periods preceding the filing of the federal [habeas] petition"); Rich v. Sec'y, Dep't of Corr's, 317 Fed.Appx. 881 (11th Cir. 2008)(table); Scarlett v. Sec'y, Dep't of Corr's, 404 Fed.Appx. 394 (11th Cir. 2010). Consequently, the filing of the motion, after the

5

one-year federal limitations period expired, did nothing to toll the limitations period, and this federal petition is thus time-barred.

Notwithstanding, both the United States Supreme Court and Eleventh Circuit Court of Appeals have held that equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when extraordinary circumstances have worked to prevent an otherwise diligent petitioner from timely filing his petition. Holland v. Florida, 560 U.S. 631, 648, 130 S.Ct. 2549, 2562 (2010)("We have previously made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.")(quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); San Martin v. McNeil,[4] 633 F.3d 1257, 1267 (11th Cir. 2011); Chavez v. Secretary, Dept. of Corrections, 2011 WL 2990060, at *7 (11th 2011).

"The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" Holland v. Florida, 560 U.S. at 652, 130 S.Ct. at 2565 (quoting Lonchar v. Thomas, 517 U.S. 314, 326 (1996)). "As for the 'extraordinary circumstances' prong . . . a defendant [must] show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." San Martin v. McNeil, 633 F.3d at 1267.

---

[4]In San Martin, petitioner failed to explain how a two-week delay in receiving notice of the Supreme Court's denial of his certiorari petition ultimately caused the late filing of his federal petition, or why he did not have ample time, even after the two-week delay, to have presented a timely federal habeas petition. See San Martin v. McNeil, 633 F.3d 1257, 1261-63 (11th Cir. 2011).

In Holland, the Supreme Court reiterated that it had previously found that "'a garden variety claim of excusable neglect,' such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." Holland, 560 U.S. at 651, 130 S.Ct. at 2564 (citations omitted)(quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). The Holland Court noted that when facts of the case warrant it, equitable tolling can be applied in the "absence of an allegation and proof of bad faith, dishonesty, divided loyalty, [or] mental impairment." Holland, 560 U.S. at 642-43, 130 S.Ct. at 2559-60. The court further explained that "professional conduct that fails to [rise to that level] could nonetheless amount to egregious behavior that warrants equitable tolling." Holland, 560 U.S. at 650-51, 130 S.Ct. at 2563-64.

In setting aside a court's finding that no diligence had been demonstrated, the Supreme Court found that Holland's counsel had not only failed to file Holland's federal petition on time, but also failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case. Holland, 560 U.S. at 651, 130 S.Ct. at 2564. The Supreme Court further found that counsel failed to communicate with his client over a period of years, despite Holland's numerous letters to counsel that repeatedly emphasizing the importance of filing the federal petition on time, identifying the applicable legal rules, pleading for information about the Florida Supreme Court's decision, and pleading with counsel to respond to the letters. Holland,[5] 560 U.S.

---

[5] In Holland, however, the Supreme Court determined that the facts did not involve a garden variety claim of attorney negligence, but instead far more serious instances of attorney misconduct. Holland, 560 U.S. at 651, 130 S.Ct. at 2564. In Holland, the Supreme Court stressed that:

>   Holland not only wrote his attorney numerous letters seeking crucial information and providing direction; he also repeatedly contacted the state courts, their clerks, and the Florida State Bar

7

at 651, 130 S.Ct. at 2564.

Something more than attorney negligence may justify equitable tolling in appropriate cases. For example, in <u>Downs v. McNeil</u>, 520 F.3d 1311 (11th Cir. 2009), the Eleventh Circuit drew the distinction between "mere negligence" on the one hand, and "egregious misconduct" on the other. "Egregious misconduct" is conduct in which an attorney makes misrepresentations, gives false assurances, or outright lies about the status of a case to his client. <u>See</u> <u>Downs v. McNeil</u>, 520 F.3d at 1321-22,1323 (giving an example of egregious misconduct as one of "outright willful deceit"); <u>see also</u>, <u>Roper v. Dep't of Corr's</u>, 434 Fed.Appx. 786, 2011 WL 2693183 (11th Cir. 2011)(holding that "affirmative misrepresentation by counsel" about the status of a motion may constitute "extraordinary circumstances" justifying equitable tolling of the habeas filing deadline). No serious conduct, much less egregious misconduct of counsel he purportedly retained to file his Rule 3.850 motion has been demonstrated here. His Rule 3.850 motion was timely filed in the state court.

Further, counsel's mistake "in miscalculating the limitations period does not provide a basis for equitable tolling because such an argument would essentially equitably toll limitations period for every person whose attorney missed a deadline. Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the post-conviction context where prisoners have no constitutional right to counsel." <u>Lawrence v.</u>

---

Association in an effort to have Collins [Holland's attorney]--the central impediment to the pursuit of his legal remedy--removed from his case. And, the *very day* that Holland discovered that his AEDPA clock had expired due to Collins' failings, Holland prepared his own habeas petition *pro se* and promptly filed it with the District Court.

<u>Holland</u>, 560 U.S. at 652, 130 S.Ct. at 2565.

8

Florida, 549 U.S. 327, 336-37 (2007). Likewise, the filing of motions for extensions of time by counsel to file a motion for post conviction relief in state court also does not serve to toll the AEDPA statute of limitations. Chavez v. Fla. Dep't of Corr's, 647 F.3d 1057 (11th Cir. 2011).

The Eleventh Circuit has also cautioned that a petitioner's efforts to learn the disposition of pre-federal habeas steps are crucial to determining whether equitable tolling is appropriate. See Knight v. Schofield, 292 F.3d 709 (11th Cir. 2002)(*per curiam*); Drew v. Dep't of Corr's, 297 F.3d 1278, 1288 (11th Cir. 2002)("A lengthy delay between the issuance of a necessary order and an inmate's receipt of it might provide a basis for equitable tolling *if the petitioner has diligently attempted to ascertain the status of that order and if the delay prevented the inmate from filing a timely federal habeas corpus petition.*" (emphasis supplied)). Where a petitioner alleges to have contacted the court by mail, but provides no copies of the letters and does not make any attempt to otherwise contact the court, such as by calling or seeking help from a person who could go to the court personally, no equitable tolling is warranted. Drew, 297 F.3d at 1289).

Also, petitioner's ignorance of the law does not warrant application of equitable tolling. The law is well settled that petitioner's status as an unskilled layperson does not excuse the delay.[6] See Johnson v. United States, 544 U.S. 295, 311, 125 S.Ct. 1571, 1582 (2005)(stating that "the Court has never accepted *pro se*

---

[6]It is well accepted that pro se filings are subject to less stringent pleading requirements, Estelle v. Gamble, 429 U.S. 97, 106 (1976), and should be liberally construed with a measure of tolerance. See Haines v. Kerner, 404 U.S. 519 (1972). See also Gomez-Diaz v. United States, 433 F.3d 788, 791 (11th Cir. 2005); Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991). However, the policy of liberal construction for pro se litigants' pleadings does not extend to a "liberal construction" of the one-year limitations period.

representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."). See also Rivers v. United States, 416 F.3d 1319, 1323 (11th Cir. 2005)(holding that while movant's lack of education may have delayed his efforts to vacate his state conviction, his procedural ignorance is not an excuse for prolonged inattention when promptness is required); Carrasco v. United States, 2011 WL 1743318, *2-3 (W.D.Tex. 2011)(finding that movant's claim that he just learned of Padilla decision did not warrant equitable tolling, although movant was incarcerated and was proceeding without counsel, because ignorance of the law does not excuse failure to timely file §2255 motion). Here, petitioner has not demonstrated that he was unable to pursue his legal claims during the applicable one-year limitation period due to his lack of legal knowledge.

It is evident that the petitioner here falls far short of demonstrating the existence of "'extraordinary circumstances, but also circumstances that are beyond the petitioner's conduct and unavoidable with diligence,'" thereby precluding him from obtaining equitable tolling. Downs, 520 F.3d at 1323. It should be noted that there was over one year of untolled time during which no properly filed post-conviction proceedings were pending. Petitioner has failed to demonstrate that he acted with diligence in pursuing his rights during that period. The Court thus finds petitioner did not act diligently in pursuing his rights and is therefore not entitled to equitable tolling. See Holland, 130 S.Ct. at 2562; accord San Martin, 633 F.3d at 1267.

This Court is not unmindful that petitioner pursued collateral relief in the state forum. Notwithstanding, as previously noted, there was well over one year of untolled time during which no post-conviction proceedings were pending which would act to toll the

federal limitations period. As a result of petitioner's failure to diligently pursue his rights, he has failed to demonstrate that he qualifies for equitable tolling of the limitations period. See Webster v. Moore, 199 F.3d 1256, 1258-60 (11th Cir.)(holding that even properly filed state court petitions must be pending in order to toll the limitations period), cert. den'd, 531 U.S. 991 (2000).

The time-bar is ultimately the result of the petitioner's failure to timely pursue state post-conviction proceedings and then this federal habeas corpus proceeding. Since this habeas corpus proceeding instituted in **October 2014** is untimely, the petitioner's claim challenging the lawfulness of his judgment is now time-barred pursuant to 28 U.S.C. §2244(d)(1)-(2) and should not be considered on the merits. As the Northern District of Florida aptly stated with regard to statutes of limitations:

> [A]lthough application of the statute of limitations might appear harsh, that is always the case with statutes of limitation. By definition, statutes of limitation preclude presentation of a plaintiff's or petitioner's claims on the merits. Harsh as they are, statutes of limitation serve important interests. And harsh as it might seem, statutes of limitation establish hard and fast deadlines, subject to tolling under various circumstances but not subject to being held inapplicable simply because a plaintiff or petitioner came close. *The law is and always has been that a statute of limitations creates a definitive deadline; a complaint or petition filed one day late (or six days late as in the case at bar) is untimely, just as if a year late.*

(emphasis added). Turner v. Singletary, 46 F.Supp.2d 1238, 1240 (N.D.Fla. 1999).

11

## Evidentiary Hearing

To the extent petitioner requests an evidentiary hearing on this matter, the request must be denied. To determine whether an evidentiary hearing is needed, the question is whether the alleged facts, when taken as true, show both extraordinary circumstances and reasonable diligence entitling a petitioner to enough equitable tolling to prevent his motion to vacate or habeas petition from being time-barred. See generally Chavez v. Secretary Florida Dept. of Corrections, 647 F.3d 1057, 1060-61 (11th Cir. 2011)(holding that an evidentiary hearing on the issue of equitable tolling of the limitations period was not warranted in a §2254 proceeding and further finding that none of the allegations in the habeas petition about what post-conviction counsel did and failed to do came close to the serious attorney misconduct that was present in Holland, instead, were at most allegations of garden variety negligence or neglect). If so, he gets an evidentiary hearing and the chance to prove that those factual allegations are true. Id. As noted by the Eleventh Circuit, "[t]he allegations must be factual and specific, not conclusory. Conclusory allegations are simply not enough to warrant a hearing." Id. at 1061. Based upon the reasons stated above, this is not one of those cases where an evidentiary hearing is warranted on the limitations issue or otherwise.

## Certificate of Appealability

As amended effective December 1, 2009, §2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." See Rule 11(a), Rules

12

Governing Section 2255 Proceedings for the United States District Courts. A §2254 petitioner "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §2253(c)." See Fed.R.App.P. 22(b)(1). Regardless, a timely notice of appeal must still be filed, even if the court issues a certificate of appealability. See 28 U.S.C. §2254 Rule 11(b).

However, "[A] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. §2253(c)(2). To make a substantial showing of the denial of a constitutional right, a §2254 petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336-37 (2003) (citations and quotation marks omitted); see also Slack v. McDaniel, 529 U.S. 473, 484 (2000); Eagle v. Linahan, 279 F.3d 926, 935 (11th Cir. 2001). After review of the record in this case, the Court finds the petitioner has not demonstrated that he has been denied a constitutional right or that the issue is reasonably debatable. See Slack, 529 U.S. at 485; Edwards v. United States, 114 F.3d 1083, 1084 (11th Cir. 1997). Thus, issuance of a certificate of appealability is not warranted and should be denied. Notwithstanding, if petitioner does not agree, he may bring this argument to the attention of the district judge in objections.

## Conclusion

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be dismissed as time-barred; that a

certificate of appealability be denied; and, the case closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 10th day of November, 2014.

UNITED STATES MAGISTRATE JUDGE

cc:  William Alexander Townsend, Pro Se
     DC#454325
     Union Correctional Institution
     Inmate Mail/Parcels
     7819 NW 228th Street
     Raiford, FL 32026

     Noticing 2254 SAG Miami-Dade/Monroe
     Email: CrimAppMIA@MyFloridaLegal.com

14